FILED IN CHAMBERS
U.S.D.C.  Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NOV 0 6 2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

FXM, P.C., *et al.*,

        Appellants,

v.

NEIL C. GORDON,
Chapter 7 Trustee,

        Appellee.

CIVIL ACTION NO.

1:07-CV-1642,
1:07-CV-1660, and
1:07-CV-1726

## ORDER & OPINION

This case is presently before the Court on appellants' Motions for Leave to Appeal [1:07-CV-1642 ("1642"), 2], [1:07-CV-1726 ("1726"), 2] and corresponding Notices of Appeal [1642, 1], [1:07-CV-1660 ("1660"), 1], [1726, 1]. Appellee (hereinafter "trustee") has responded with a Motion to Dismiss Appeal [1660, 4] and a Response in Opposition to Appellants' Motion for Leave to Appeal [1726, 5]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that appellants' Motions for Leave to Appeal [1642, 2], [1726, 2] and corresponding Notices of Appeal [1642, 1], [1660, 1], [1726, 1] should be **DENIED**, and Trustee's Motion to Dismiss Appeal [1660, 4] should therefore be **DENIED as MOOT.**

AO 72A
(Rev.8/82)

## BACKGROUND

Appellant FXM has filed two notices of appeal as to various rulings in an ongoing bankruptcy proceeding, (*see* 1642, Notice of Appeal [1]; 1660, Notice of Appeal [1]). Appellants FXM and Riverwood Partners ("appellants") have jointly filed a third appeal as to the same case. (1726, Notice of Appeal [1].) Each notice has been formatted into a different case before this Court. The first appeal that appellant filed is denominated as Case Number 1:07-CV-1642 ("1642"). This Notice of Appeal [1642, 1] sought review of orders entered by the bankruptcy judge on June 15, 2007. In these orders (documents 165 and 166 in the record), the bankruptcy judge granted Trustee's Motion to Approve Compromise and his Motion to Compel Turnover. (*Id.*) Appellant also sought to appeal the bankruptcy court's Amended Order Granting Trustee's Motion to Approve Compromise. (*See* 1642, Notice of Appeal [1] at pp. 1-2.) These orders will hereinafter be referred to as the "Compromise Orders."

File 1642 includes appellants' Notice of Appeal [1], appellant's Motion For Leave to Appeal [2], and an Order Directing a Response from Trustee [5]. Trustee did not respond. However, it seems that trustee might have been confused with the many different appeals appellants filed, or trustee took the approach that the Court will take today.

2

The second appeal filed is now before this Court as Case Number 1:07-CV-1660 ("1660"). This Notice of Appeal sought review of the bankruptcy court's order entered on June 5, 2007, which was document 157 in the record. (1660, Notice of Appeal [1] at pp. 1-2.) Document 157 was an Order Granting Trustee's Motion for Turnover of Property of the Estate, ("Turnover Order") which incorporated an oral ruling the judge made.

The docket for file 1660 includes the Notice of Appeal [1], Trustee's Motion to Dismiss Appeal [4], Appellant's Response to the Motion to Dismiss [6], and Appellant's Emergency Motion for Extension of Time to File Appellant's Brief [7]. Appellant, however, did not file a corresponding brief.

The third appeal that appellants, together, filed is before this Court as Case Number 1:07-CV-1726 ("1726"). 1726 seeks to appeal all the orders that the previous appeals (1642 and 1660) sought to appeal, and it seeks review of additional orders entered by the bankruptcy court since the time that 1642 and 1660 were filed. (See 1726, Notice of Appeal [1] at pp. 1-2.) The Notice of Appeal provided in 1726 states that appellants appeal "from all appealable judgments, orders, rulings or decrees of the bankruptcy court" under 28 U.S.C. § 158(a)(1) and (a)(3). (1726, Notice of Appeal [1] at p. 1.) 1726 also specifically appeals the Turnover Order (document 157 also appealed in 1660), the Compromise Orders

3

(documents 165 and 166 also appealed in 1642), and the Order Denying
Debtor's Motion to Reconsider the Turnover Order (document 192).  In
addition, appellants seek to appeal the Order Denying the FXM Firm's
and Riverwood Partner's Motion to Vacate Compromise Order (document
193) ("Refusal to Vacate Orders"), and the Bankruptcy Court's Orders
Approving Abandonment (document 212) and Granting Motion to Annul
Stay and Validate Post Petition Consent Judgment (document 213).

        The documents filed in furtherance of 1726 are the Notice of
Appeal [1], a Motion for Leave to Appeal [2], and a Response in
Opposition to Appellants' Motion for Leave to Appeal [5].

        As the above description makes readily apparent, this case has
become quite complicated procedurally.  For purposes of clarity and
brevity, this Court will treat all three appeals as one.  The Court
has considered all of the filings made in 1642, 1660, and 1726, and
the Court makes its decision based on all the information provided.
In addition, appellants agree that it would be best to treat the
appeals as one. (App.'s Resp. to Mot. to Dismiss Appeal, file 1660
[6] at p. 3)   The Court notes that judicial economy would have been
furthered had appellants filed only one appeal.

**DISCUSSION**

**I.    The Standard for Interlocutory Appeal**

        Although appeal from final orders comes as a matter of right,
appeal of non-final, or interlocutory orders, is an extraordinary

4

measure.    *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir.
1985)(citing 28 U.S.C.A. § 158(a)).  "A final decision is generally
one which 'ends the litigation on the merits and leaves nothing for
the court to do but execute the judgment.'" *In re Allied Holdings,
Inc., et al.*, 2007 WL 474731, *3 (N.D. Ga. 2007)(*citing Anastasia
Cruises, Inc. v. Exxon Mobil Corp.*, 331 F.3d 1257, 1259 (11th Cir.
2003).   Both parties agree here that the orders appellants seek to
appeal are not final, and appellants and trustee agree on the
standard to govern appellants' motions for leave to appeal.  (1726,
Appellant's Mot. for Leave to Appeal [2] at p. 7; 1726, Appellee's
Resp. in Opp'n to Mot. for Leave to Appeal [5] at pp. 2-3.)

     The relevant statutory provision, 28 U.S.C. § 158(a), gives
district courts discretion to grant interlocutory appeal from
bankruptcy cases.  *Id.*  Section 158(a) does not provide guidance to
district courts as to when they should exercise such discretion,
however.  *See id.*  For this reason, district courts look to the
standard governing circuit courts' decisions to grant interlocutory
appeals from district courts, found in 28 U.S.C. § 1292(b).  *See In
re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985); *In re Allied
Holdings, Inc., et al.*, 2007 WL 474731, *6 (N.D. Ga. 2007); *Ashoka
Ent. v. Ford Motor Credit Corp.*, 156 B.R. 343, 346 (S.D. Fla. 1993).
Under § 1292(b), the appellant must show that: (1) the bankruptcy
court's decision involves a controlling question of law; (2) there

AO 72A
(Rev.8/82)

is substantial ground for difference of opinion as to that question of law; and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. *In re Auto Dealer Servs., Inc.*, 81 B.R. at 96 (M.D. Fla. 1987)(citing 28 U.S.C. § 1292(b)).

The Eleventh Circuit has made clear that the scope of interlocutory appeals is to be limited. The appeal provided for under §§ 158(a) and 1292(b) should be permitted only in exceptional circumstances ... in order "to avoid protracted and expensive litigation." *In re Allied Holdings, Inc., et al.*, 2007 WL 474731, *7 (N.D. Ga. 2007) (Duffy, J.). This district court judge has quoted the Eleventh Circuit, stating that "[i]t is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate." *Id.* (quoting *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1257 (11th Cir. 2004)).

Because interlocutory appeals are meant to be extraordinary , it must be shown that an interlocutory appeal is necessary. The burden of proof to show that the exceptional circumstances exist, and that the three requirements of section 1292(b) are met, rests on the appellant. 28 U.S.C. § 158(a)(3); *Patrick v. Dell Fin. Servs.*, 366 B.R. 378 (M.D. Pa. 2007). Among other serious problems with

6

appellants' appeals, appellants have failed to meet this burden with regard to each of the orders they seek to appeal.   In addition, appellants have not complied with the bankruptcy rules.   Under Bankruptcy Rule 8003, appellants must include the following in their motion: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted.   FED. R. BANKR. P., Rule 8003(a).   Appellants have failed to meet these requirements.

## II.   Appellants have failed to meet the requirements necessary for interlocutory appeal.

Appellants filed a motion for leave to appeal in 1642 and 1726, but have filed no brief in support of these motions.   On the face of the record, appellants have provided no reason why the Court should accept the appeal, nor have they shown any of the elements required to be present for the Court to accept the appeal.   For these reasons, the Court will deny appellants' requests.

A party seeking leave to appeal an interlocutory order of the bankruptcy court has the burden to establish that a controlling question of law is involved, that the question is one which there is substantial ground for difference of opinion, and that immediate appeal would ultimately advance the termination of the litigation. 28 U.S.C. § 158(a)(3); *Patrick v. Dell Financial Servs.*, 366 B.R.

378 (M.D. Pa. 2007).

Under 28 U.S.C. § 1292(b), a question of law is "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258, 1260-1262 ([11th] Cir. 2004). A controlling question of law can usually be "quickly and cleanly [decided] without having to study the record." *McFarlin*, 381 F.3d at 1258.  It is not readily apparent from the face of the notices, or the motions to grant leave for appeal, that there is a question of law in the instant appeals, let alone one that is controlling. *See In re BTR Partnership*, 292 B.R. 188, 194-95 (D. Neb. 2003)(stating "FSB's briefs merely indicate that the appeal will involve whether it has a perfected purchase money security interest... there has been no showing that the appeal would involve a question of law, let alone a controlling question of law....").

*In re Pacific Forest Products Corp.*, 335 B.R. 910 (2005) illustrates the characteristics of a controlling legal question. The Court in *Pacific Forest Products* noted that a question is controlling when it not only determines the case at hand, but also disposes of a wide spectrum of cases. *Id.* at 920.  In *Pacific Forest Products*, the legal issue was whether a check kite demonstrates, *per se*, an intent to defraud. *Id.* at 920.  This was a pure issue of law which would determine other cases in addition to

8

the one at hand, and was therefore a controlling legal question.
*Id.* at 920-21.

Appellants here state that leave for appeal should be granted
because the settlement approved by the bankruptcy court provides

> for release of claims of the Debtor ...
> against third parties. If leave to appeal is
> not granted, the parties to the settlement
> may proceed to enforce the terms of such
> settlement and take actions in reliance
> thereon. Thus, in the interest of judicial
> economy, it would be prudent to consider the
> merits of this appeal prior to any actions
> being taken in reliance on the settlement
> when ultimately the settlement may be
> overturned or overruled.

(1642, Mot. for Leave to Appeal [2] at p. 5.)  Appellants add in
their second Motion for Leave to Appeal in file 1726 that: (1) all
the other orders being appealed are predicated on the Compromise
Orders and therefore are equally erroneous; and (2) their motion
should be granted "to avoid the potential for a piecemeal resolution
of the action."  (1726, Mot. for Leave to Appeal [2] at p. 10.)

No question of law is apparent here. If anything, appellants
ask this Court to second guess the reasonableness of the bankruptcy
court's judgment, but this is not the purpose of interlocutory
review. In addition, the reasonableness of the settlement agreement
is a question of fact, or an application of law to fact. However,
questions regarding the application of settled law to fact are
simply not appealable for interlocutory review. *McFarlin*, 381 F.3d

9

at 1258; *In re Allied Holdings*, 2007 WL 474731 at *12. Lastly, this issue cannot be determined without delving into the record and applying law to facts, and it would have no effect on other cases as controlling legal questions do.

The other two requirements for interlocutory appeal are also not met here. First, there is no substantial ground for difference of opinion as to the question of law because there is no question of law presented. *See* 28 U.S.C. § 1292(b). This prong is met when there is a split among the courts, or the question of law has simply not been spoken to. *See Dial v. Healthspring of Alabama, Inc.*, 2007 WL 3025025 (S.D. Ala. Oct. 15, 2007). In that situation, an immediate appeal is appropriate. *Id.* Here, nothing of the sort exists. If it is not clear that there is a question of law, then there are no grounds for a substantial difference of opinion. The authority to collect debts and manage the estate is vested exclusively in the trustee. *In the Matter of Perkins*, 902 F.2d 1254, 1257 (7th Cir. 1990); 11 U.S.C. § 323. Appellants have no authority to second guess or challenge the trustee's actions simply because they disagree with them. *See Tomlin v. Beto*, 377 F.2d 276, 276 (5th Cir. 1967). And there is no room for disagreement regarding these powers provided to trustee by the Bankruptcy Code that would permit these appeals to come before this Court at this time.

10

An immediate order would also not materially advance the litigation as is required for an appeal to be appropriate. *See* 28 U.S.C. § 1292(b). In fact, the litigation will be resolved more rapidly and efficiently if the Bankruptcy Court is permitted to make its determinations without the constant and inappropriate attempts of appellants to appeal prematurely.

Appellants have also failed to meet the minimum requirements of filing for an appeal. Bankruptcy Rule 8003 requires appellants to include the following in their motion: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted. FED. R. BANKR. P., Rule 8003(a). For example, in *In re Allied Holdings, Inc., et al.*, 2007 WL 474731 (N.D. Ga. 2007), the appellants laid out the necessary facts, the issues that they wanted the court to address, and the reasons they thought the court should address them. *Id.* at *7. In *Allied Holdings*, one question was whether it was proper to allow an agent for the debtor in possession's lenders to present its position on the case at the close of the § 1113(e) hearing. *Id.* at *7. Even if the ultimate issues were not appealable (i.e. not controlling legal questions), the appellant in *In re Allied Holdings* met the requirements of Rule 8003. *See id.*

11

Here, appellants assert a number of errors that they claim the bankruptcy court made, (see Motions for Leave to Appeal [1642, 2], [1726, 2]), but they assert no questions or issues of law for this Court to address.  Appellants fail to establish the necessary facts, and give no legally persuasive reasons the Court should address the issues.  (See id.)  Although this Court knows that appellants seek to appeal the Compromise Orders, the Turnover Orders, and other miscellaneous orders, this Court does not know why.  The only claim appellants make is that the ruling of the bankruptcy court was erroneous.  (See id.)  However, as a matter of law this is not sufficient to warrant an interlocutory appeal.  See 28 U.S.C. § 1292(b); FED. R. BANKR. P., Rule 8003.

In addition, the only other information found in the record are well-reasoned opinions by the judge below and a well-written brief on behalf of the trustee, both of which counsel strongly against permitting an appeal.  The fact that appellants disagree with a decision the bankruptcy court made does not make interlocutory review appropriate, and the fact that they failed to meet the Bankruptcy Rules requirements actually precludes any review they request.  FED. R. BANKR. P., Rule 8003.  This Court concludes that appellants have failed to meet their burden.  In addition to the reasons enumerated above, trustee makes many other convincing

12

arguments as to why these appeals should not be granted.[1]  However, the Court will not address them at this time because it is clear that appellants cannot succeed.

These appeals exemplify the reasons that interlocutory appeals are extraordinary measures.  This type of filing delays the litigation process and seriously diminishes the ability of the estate to provide any meaningful recovery to the creditors.  The trustee states that appellants have "succeeded only in delaying final approval of a settlement that presents the estate with its only opportunity to secure a meaningful recovery for unsecured creditors, and causing the estate to incur legal expenses of a magnitude that leaves it virtually insolvent." (Appellee's Resp. in Opp'n to Mot. for Leave to Appeal [5] at p. 2.)  This Court agrees. The Court can see no reason for filing such unsupported and duplicitous appeals as appellants have done here, and therefore denies them accordingly.  The Clerk shall close all three actions.

## CONCLUSION

For the foregoing reasons, appellants' Motions for Leave to Appeal [1642, 2], [1726, 2], and corresponding Notices of Appeal [1642, 1], [1660, 1], [1726, 1] are **DENIED**.  Trustee's Motion to Dismiss Appeal [1660, 4] is accordingly **DENIED as MOOT**.  The Clerk

---

[1]  (*See* Resp. in Opp'n to Mot. for Leave to Appeal [1726, 5] at pp. 4-15.)

shall close all three actions.

SO ORDERED, this ___6___ day of November, 2007.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

14